# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

NAUTILUS INSURANCE
COMPANY,

        Plaintiff,

v.                              Case No:   6:24-cv-404-ACC-LHP

LB ENTERTAINMENT, LLC, JAIRAJ
CHUGH and BETTY CHUGH,

        Defendants

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** NAUTILUS'S APPLICATION FOR DEFAULT AGAINST LB ENTERTAINMENT, LLC (Doc. No. 19)
>
> **FILED:** April 23, 2024
>
> **THEREON** it is **ORDERED** that the motion is **DENIED without prejudice**.

Plaintiff seeks a Clerk's default against Defendant LB Entertainment, LLC. Doc. No. 19.   Federal Rule of Civil Procedure 55(a) provides, "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise

defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Before a Clerk's default can be entered against a defendant, however, the Court must determine that the defendant was properly served. *See, e.g., United States v. Donald*, Case No. 3:09-cv-147-J-32HTS, 2009 WL 1810357, at *1 (M.D. Fla. June 24, 2009) (citations omitted).

Upon review, Plaintiff's motion fails to substantiate service of process was effectuated in accordance with Federal Rule of Civil Procedure 4. Plaintiff's return of service states service was made on "Stefani Corchado as Employee of the Registered Agent." Doc. No. 14. Section 48.091(4) states "[a] person attempting to serve process pursuant to this section on a registered agent that is other than a natural person may serve the process on any employee of the registered agent. A person attempting to serve process pursuant to this section on a natural person, if the natural person is temporarily absent from his or her office, may serve the process during the first attempt at service on any employee of such natural person." Fla. Stat. § 48.091(4).

According to the records of the Florida Department of State,[1] Joseph A. Loguidice is the registered agent for LB Entertainment, LLC. Neither Plaintiff's

---

[1] Records maintained by the Florida Department of State, Division of Corporations, are available at http://search.sunbiz.org/Inquiry/CorporationSearch/ByName/. The records for LB Entertainment, LLC are accessible by entering "LB Entertainment, LLC"

return of service nor Plaintiff's motion make mention of whether Plaintiff's process server first attempted to serve LB Entertainment's registered agent before serving an employee of Mr. Loguidice, or if Mr. Loguidice was temporarily out of the office at the time of service.

Accordingly, Plaintiff's Motion for Clerk's Entry of Default (Doc. No. 19) is **DENIED without prejudice**. A renewed motion, which shall be filed on or before June 20, 2024, must establish, with evidence and citation to relevant legal authority, that service on LB Entertainment was proper.

**DONE** and **ORDERED** in Orlando, Florida on June 6, 2024.

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

into the "Entity Name" field.