**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

NAUTILUS INSURANCE
COMPANY,

        Plaintiff,

v.          Case No:   6:24-cv-404-ACC-LHP

LB ENTERTAINMENT, LLC, JAIRAJ
CHUGH and BETTY CHUGH,

        Defendants

**ORDER**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **NAUTILUS'S SUPPLEMENT TO ORIGINAL MOTION TO COMPEL DISCOVERY FROM THE CHUGH DEFENDANTS (Doc. No. 58)**
>
> **FILED:** December 6, 2024
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED**.

In this action for declaratory relief regarding insurance policy coverage, Plaintiff Nautilus Insurance Company seeks to compel discovery from Defendants Jairaj Chugh, as personal representative of the Estate of Kavika Chugh, and Betty

Chugh (collectively, "the Chugh Defendants").  Doc. No. 58; *see also* Doc. No. 51 (initial motion to compel that was denied without prejudice for failure to supplement under Local Rule 3.01(g)(3), Doc. No. 55).  According to the motion, Plaintiff served a first set of interrogatories to Jairaj Chugh and second set of interrogatories to the Chugh Defendants on September 19, 2024, but the Chugh Defendants wholly failed to respond.  Doc. No. 58, at 2–3; Doc. No. 58-1.  Plaintiff has attempted to contact the Chugh Defendants' counsel on several occasions to discuss the outstanding discovery, to no avail.  Doc. No. 58, at 2–3.[1]

The Chugh Defendants have not responded to the motion, and the time for doing so expired on December 11, 2024.  *See* Doc. No. 31 ¶ 5 (providing that opposition briefing to a discovery motion must be filed no later than five days after the motion).  Accordingly, the Court deems the motion to be unopposed in all respects.  *See id.* (stating that failure to file a timely response *will* result in the discovery motion being deemed unopposed); *see also Westchester Surplus Lines Ins. Co. v. Paramount Disaster Recovery, LLC*, No. 6:18-cv-1738-Orl-37DCI, 2019 WL

---

[1] On December 11, 2024, Plaintiff filed a supplement to the motion stating that counsel continued to be unavailable, but Plaintiff "was told that counsel for Chugh is available to confer on 12/12/2024," and such conference has been scheduled.  Doc. No. 59.  However, as discussed below, the Chugh Defendants' deadline to respond to the motion expired on December 11, 2024, they have failed to file a timely response, and they did not seek an extension of time to do so.

5294804, at *1 (M.D. Fla. Apr. 19, 2019) ("The Court routinely grants motions as unopposed where the opposing parties have not filed a response in opposition to the motion."); *Bercini v. City of Orlando*, No. 6:15-cv-1921-Orl-41TBS, 2016 WL 11448993, at *2 (M.D. Fla. Sept. 28, 2016) (granting in full unopposed motion to compel); *Daisy, Inc. v. Pollo Operations, Inc.*, No. 2:14-cv-564-FtM-38CM, 2015 WL 2342951, at *1 (M.D. Fla. May 14, 2015) (when defendant did not respond court could consider motion to compel unopposed).

Upon review of the unopposed motion, and the related discovery attached, the Court finds the motion well taken. And as Plaintiff notes in the motion, Doc. No. 58, at 3, Federal Rule of Civil Procedure 37 provides that when, as here, a motion to compel is granted, "the court *must*, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A) (emphasis added). While the Rule permits the Court to decline to award sanctions under certain circumstances, Fed. R. Civ. P. 37(a)(5)(A)(i)–(iii), the Chugh Defendants have not presented any information or argument suggesting that those circumstances apply here.

Accordingly, it is **ORDERED** as follows:

1. Plaintiff's Supplement to Original Motion to Compel Discovery from the Chugh Defendants (Doc. No. 58) is **GRANTED**.

2. Within **fourteen (14) days** of the date of this Order, Jairaj Chugh <u>**shall**</u> serve on Plaintiff complete, sworn answers to Plaintiff's first set of interrogatories, and the Chugh Defendants <u>**shall**</u> serve on Plaintiff complete, sworn answers to Plaintiff's second set of interrogatories. *See* Doc. No. 58-1.

3. All objections to the discovery at issue have been waived by the failure to timely respond to the motion to compel. *See, e.g., Jackson v. Geometrica, Inc.*, No. 3:04-cv-640-J-20HTS, 2006 WL 213860, at *1 (M.D. Fla. Jan. 27, 2006) (objections not addressed in response to a motion to compel are deemed abandoned); *Bercini*, 2016 WL 11448993, at *2 (same).

4. Within **fourteen (14) days** of the date of this Order, Plaintiff and the Chugh Defendants shall meet and confer in good faith to determine an amount of reasonable fees and expenses that should be awarded to Plaintiff for the filing of the present motion. By this same deadline, the parties shall file a joint notice of the amount agreed upon. If the parties are unable to reach an agreement by that time, within **seven (7) days** thereafter, Plaintiff shall file a motion, supported by appropriate documentation, for reasonable fees and expenses incurred in filing the present motion.

5. **Failure to comply with this Order may result in further sanctions.** *See* **Fed. R. Civ. P. 37(b).**

**DONE** and **ORDERED** in Orlando, Florida on December 12, 2024.

*Leslie Hoffman Price*
LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties