# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

NAUTILUS INSURANCE
COMPANY,

        Plaintiff,

v.                                        Case No:   6:24-cv-404-ACC-LHP

LB ENTERTAINMENT, LLC, JAIRAJ
CHUGH and BETTY CHUGH,

        Defendants

_____

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **NAUTILUS INSURANCE COMPANY'S CORRECTED MOTION FOR FINAL DEFAULT JUDGMENT AGAINST LB ENTERTAINMENT, LLC (Doc. No. 53)** |
| **FILED:** | **November 7, 2024** |

**THEREON** it is **ORDERED** that the motion is **DENIED without prejudice**.

## I.    BACKGROUND.

On February 27, 2024, Plaintiff Nautilus Insurance Company ("Nautilus") filed a complaint for declaratory relief against LB Entertainment, LLC d/b/a Pinups of Palm Bay ("LB Entertainment"), Jairaj Chugh, as personal representative for the Estate of Kavika Chugh, and Betty Chugh (the "Chugh Defendants").    Doc. No. 1. This case stems from an underlying state court lawsuit the Chugh Defendants filed against LB Entertainment and others, alleging claims arising out of a drunk driving incident resulting in the death of Kavika Chugh, and which claims resulted in an $8 million judgment against LB Entertainment.    *Id.*; Doc. Nos. 1-2, 1-4.    Nautilus seeks declarations regarding coverage and the duty to defend/indemnify under a surplus lines insurance policy it issued to LB Entertainment.    Doc. No. 1; Doc. No. 1-3.

The Chugh Defendants appeared in this case and are defending against Nautilus's claims.    Doc. No. 43.    LB Entertainment has not.    On Nautilus's motion, Clerk's default was entered against LB Entertainment on July 8, 2024.    Doc. Nos. 35, 37–38.    On October 28, 2024, the Court issued an Order to Show Cause to Nautilus for its failure to timely seek default judgment against LB Entertainment. Doc. No. 50.    In response, Nautilus filed the above-styled motion for default judgment.    Doc. No. 53.    The motion for default judgment has been referred to the undersigned.

Upon review, and for the reasons set forth below, the undersigned finds that resolution of the motion for default judgment against LB Entertainment should await resolution of this matter against the Chugh Defendants.[1]

## II.    ANALYSIS.

In general, a court may enter a default judgment when the factual allegations of the operative complaint, which are assumed to be true, provide a sufficient legal basis for such entry.   *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law.").   Therefore, in considering a motion for default judgment, a court must "examine the sufficiency of the allegations in the complaint to determine whether the plaintiff is entitled to" a default judgment. *Fid. & Deposit Co. v. Williams*, 699 F. Supp. 897, 899 (N.D. Ga. 1988).

This general rule, however, has exceptions.   "[I]n cases involving more than one defendant, a judgment . . . should not be entered against a defaulting party alleged to be jointly liable, until the matter has been adjudicated with regard to all defendants."   *Nationwide Mut. Fire Ins. Co. v. Creation's Own Corp.*, Case No. 6:11-cv-1054-Orl-28DAB, 2011 WL 6752561, at *5 (M.D. Fla. Nov. 16, 2011) (citing *Frow v.*

---

[1] Even if the Court considered the merits of the motion at this time, the Court notes that the motion fails to comply with Local Rule 3.01(g) given the appearance of the Chugh Defendants.

*De La Vega*, 82 U.S. 552 (1872)).   The purpose behind this result is the prohibition against logically inconsistent judgments.   *See Frow*, 82 U.S. at 554.   The United States Court of Appeals for the Eleventh Circuit has also extended this prohibition against logically inconsistent judgments to other cases beyond those where liability is deemed to be joint.   In this Circuit, it is "sound policy" that "when defendants are similarly situated, but not jointly liable, judgment should not be entered against a defaulting defendant if the other defendant prevails on the merits."   *Gulf Coast Fans v. Midwest Elecs. Imp.*, 740 F.2d 1499, 1512 (11th Cir. 1984) (citation omitted).

The rationale of *Frow* and *Gulf Coast Fans* applies here, and courts under similar circumstances have withheld addressing the merits of a motion for default judgment in a multi-defendant insurance declaratory judgment action when at least one defendant is defending against the claim.   *See, e.g.*, *Progressive Express Ins. Co. v. C&F Transp., LLC.*, No. 1:22-CV-20775, 2022 WL 17583749, at *4–5 (S.D. Fla. Oct. 13, 2022) (denying without prejudice motion for default judgment in insurance declaratory judgment action due to the risk of inconsistent judgments); *Nat'l Indem. Co. of the S. v. H&C Fla. Trucking, Inc.*, No. 6:22-cv-74-PGB-LHP, 2022 WL 18636696, at *1 (M.D. Fla. Mar. 14, 2022) (same); *Country Mut. Ins. Co. v. Goldman*, No. 2:19-CV-881-WKW, 2020 WL 1644289, at *1 (M.D. Ala. Apr. 2, 2020) (same); *Westchester Surplus Lines Ins. Co. v. Paramount Disaster Recovery, LLC*, No. 6:18-cv-1738-Orl-37DCI, 2019 WL 5294770, at *2 (M.D. Fla. Apr. 5, 2019) (same); *Nationwide Ins. Co. of*

*Am. v. Jones*, No. 6:18-cv-1423-Orl-40DCI, 2018 WL 8582452, at *1 (M.D. Fla. Nov. 27, 2018) (same).   *See also Nautilus Ins. Co. v. A.J. Cardinal Grp. LLC*, No. 8:18-cv-2778-T-60CPT, 2019 WL 5072094, at *1 (M.D. Fla. Aug. 1, 2019), *report and recommendation adopted*, 2019 WL 5068636 (M.D. Fla. Oct. 9, 2019) ("[S]ome courts have found [the practice of withholding the entry of default judgment in multi-defendant actions] particularly prudent where the case involves the declaration of obligations and coverage under an insurance agreement that is the subject of an underlying dispute." (citation and quotation marks omitted)); *Glob. Aerospace, Inc. v. Platinum Jet Mgmt., LLC*, No. 09-60756-CIV, 2009 WL 3400519, at *5 (S.D. Fla. Oct. 20, 2009) ("[C]ourts routinely withhold default judgments declaring that an insurance policy is inapplicable until the claims against the defendants who appear in the action are adjudicated.").

Nautilus will be permitted to renew the motion for default judgment against LB Entertainment, as appropriate, after resolution of this matter against the Chugh Defendants.

## III.    CONCLUSION.

For the reasons stated herein, Nautilus Insurance Company's Corrected Motion for Final Default Judgment Against LB Entertainment, LLC (Doc. No. 53) is **DENIED without prejudice.**    Nautilus may renew the motion, as appropriate,

within **twenty-one (21) days** of resolution of this matter against the Chugh Defendants.

    **DONE** and **ORDERED** in Orlando, Florida on December 12, 2024.

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties