**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

NAUTILUS INSURANCE
COMPANY,

       Plaintiff,

    v.                                                     Case No.:  6:24-cv-00404-ACC-LHP

LB ENTERTAINMENT, LLC,
JAIRAJ CHUGH, and BETTY
CHUGH,

       Defendants,

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT:**

Before the Court is Plaintiff Nautilus Insurance Company's ("Nautilus's'") Renewed Motion for Final Default Judgment Against Defendant LB Entertainment, LLC d/b/a Pinups of Palm Bay ("LB Entertainment").  Doc. No. 78.  The motion has been referred to the undersigned and is ripe for review.  Upon consideration, the undersigned will respectfully recommend that the motion be granted.

**I.      BACKGROUND.**

On February 27, 2024, Nautilus filed a complaint for declaratory relief against LB Entertainment, Jairaj Chugh, as personal representative for the Estate of Kavika

-1-

Chugh, and Betty Chugh (the "Chugh Defendants").[1]  Doc. No. 1.  This case stems from an underlying state court lawsuit the Chugh Defendants filed against LB Entertainment and others, alleging claims arising out of a drunk driving incident resulting in the death of Kavika Chugh, and which claims resulted in an $8 million consent judgment against LB Entertainment (the "Underlying Action").  *Id.*; Doc. Nos. 1-2, 1-4.  Nautilus seeks declarations regarding coverage and the duty to defend/indemnify under a surplus lines insurance policy it issued to LB Entertainment (the "Policy").  Doc. No. 1, Doc. No. 1-3.

Nautilus brings three claims against all parties.  Doc. No. 1.  In the first two counts, Nautilus alleges it has no duty to defend or indemnify LB Entertainment in the Underlying Action because the Policy contains an "Absolute Auto Exclusion" and a "Total Liquor Liability Exclusion" which eliminate coverage (Counts I-II).  *Id.* In Count III, Nautilus seeks a declaration that the consent judgment constitutes an unenforceable *Coblentz* agreement,[2] as it was the product of bad faith, fraud, and collusion, and was excessive and unreasonable in amount.  *Id.* ¶¶ 22-28.

---

[1] Kavika Chugh will hereinafter be referred to as "Ms. Chugh."

[2] "The term '*Coblentz* agreement' refers to a settlement agreement entered into between an insured and a claimant in order to resolve a lawsuit in which the insurer has denied coverage and declined to defend." *Trovillion Const. & Dev., Inc. v. Mid-Continent Cas. Co.*, No. 6:12-cv- 914, 2014 WL 201678, at *3 n.2 (M.D. Fla. Jan. 17, 2014) (citing *Coblentz v. Am. Sur. Co. of N.Y.*, 416 F.2d 1059, 1063 (5th Cir. 1969)).

The Chugh Defendants appeared in this case and have defended against Nautilus's claims. *See, e.g.*, Doc. Nos. 43, 68. LB Entertainment has not. On Nautilus's motion, Clerk's default was entered against LB Entertainment on July 8, 2024. Doc. Nos. 35, 37–38. Nautilus moved for default judgment on November 7, 2024, which the undersigned denied without prejudice due to the risk of inconsistent judgments, and directed Nautilus to renew its motion after resolution of all claims against the other Defendants. Doc. Nos. 53, 61.

The case proceeded in the normal course, and Nautilus and the Chugh Defendants filed cross motions for summary judgment. Doc. Nos. 68, 69. On September 26, 2025, the Court denied the Chugh Defendants' motion for summary judgment and granted Nautilus' motion, finding that Nautilus had no duty to defend the Underlying Lawsuit and no duty to indemnify. Doc. No. 76. And on September 30, 2025, judgment was entered in favor of Nautilus as to Counts I and II. Doc. No. 77. That same day, Nautilus filed the present renewed motion, in which it seeks default judgment against LB Entertainment as to all counts. Doc. No. 78.[3]

---

[3] Nautilus had previously represented to the Court that resolution of Counts I and II could moot the remaining claim regarding the *Coblentz* agreement. Doc. No. 66. Based on that representation, the Court directed Nautilus to either file a notice of dismissal as to any remaining counts, or alternatively file an updated Case Management Report. Doc. No. 76, at 19. Nautilus sought to be relieved from this requirement, arguing that it still required resolution of its claims against LB Entertainment. Doc. No. 79. The Court granted Nautilus' request, and directed Nautilus to promptly file a notice of dismissal or status report following resolution of the pending renewed motion for default judgment. Doc. No. 80.

## II.     THE POLICY AND THE UNDERLYING ACTION.

The surplus lines policy at issue, bearing Policy Number NN941271, was effective from June 1, 2018 through June 1, 2019.  *See* Doc. No. 1 ¶ 18; *see also* Doc. No. 1-3, at 4.  The Policy's "Absolute Auto Exclusion" states, in relevant part:

**EXCLUSION – UNMANNED AIRCRAFT, OTHER THAN UNMANNED AIRCRAFT, AUTO OR WATERCRAFT**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

**A.**     Exclusion **g. Aircraft, Auto Or Watercraft** under Paragraph **2. Exclusions** of **Section I - Coverage A – Bodily Injury and Property Damage Liability** is **replaced** by the following:

**2.     Exclusions**

This insurance does not apply to:

**g.     Aircraft, Auto, or Watercraft**

[. . .]

**(2)     Aircraft (Other Than Unmanned Aircraft), Auto Or Watercraft**

"Bodily injury" or "property damage" arising out of the ownership, maintenance, use or entrustment to others of any aircraft (other than "unmanned aircraft"), "auto" or watercraft. Use includes operation and "loading or unloading".

This Paragraph **g.(2)** applies even if the claims against any insured allege negligence or other wrongdoing in the supervision,

-4-

> > hiring, employment, training or monitoring of others by that insured, if the "occurrence" which caused the "bodily injury" or "property damage" involved the ownership, maintenance, use or entrustment to others of any aircraft (other than "unmanned aircraft"), "auto" or watercraft.

Doc. No. 1-3, at 37.[4]  With respect to the "Total Liquor Liability Exclusion," the policy states:

> **EXCLUSION – TOTAL LIQUOR LIABILITY**
>
> This endorsement modifies insurance provided under the following:
>
> COMMERCIAL GENERAL LIABILITY COVERAGE PART
>
> Exclusion **c. Liquor Liability** under Paragraph **2.**, **Exclusions** of **Section I - Coverage A. - Bodily Injury and Property Damage Liability** is **replaced** by the following:
>
> This insurance does not apply to:
>
> **c.    Liquor Liability**
>
> > "Bodily injury" or "property damage" for which any insured or his indemnitee may be held liable by reason of:
> >
> > **(1)** Causing or contributing to the intoxication of any person, including causing or contributing to the intoxication of any

---

[4] Under the policy, "auto" is defined as "[a] land motor vehicle, trailer or semitrailer designed for travel on public roads, including any attached machinery or equipment" or "[a]ny other land vehicle that is subject to a compulsory or financial responsibility law or other motor vehicle insurance law where it is licensed or principally garaged."  Doc. No. 1-3, at 26. "Bodily injury" means "bodily injury, sickness, or disease sustained by a person, including death resulting from any of these at any time."  *Id.*

person because alcoholic beverages were permitted to be brought on your premises, for consumption on your premises;

**(2)** The furnishing of alcoholic beverages to a person under the legal drinking age or under the influence of alcohol; or

**(3)** Any statute, ordinance or regulation relating to the sale, gift, distribution or use of alcoholic beverages.

This exclusion applies even if the claims against any insured or his indemnitee allege negligence or other wrongdoing in:

> **(a)** The supervision, hiring, employment, training or monitoring of others by that insured; or
>
> **(b)** Providing or failing to provide transportation with respect to any person that may be under the influence of alcohol;

if the "occurrence" which caused the "bodily injury" or "property damage", involved that which is described in Paragraph **(1)**, **(2)** or **(3)** above.

Doc. No. 1-3, at 51.

As alleged in the complaint, the Underlying Action consists of a single claim for dram shop liquor liability; specifically that on December 13-14, 2018, LB Entertainment willfully and unlawfully furnished alcoholic beverages to a 19-year old minor, allowed the minor to leave the premises of LB Entertainment when she was impaired and/or intoxicated, and that the minor thereafter operated her motor vehicle while under the influence, causing an accident that resulted in the death of Ms. Chugh. Doc. No. 1 ¶¶ 9-16. Nautilus alleges that the above-described exclusions eliminate any coverage for the Underlying Action. *Id.* ¶¶ 30-32, 34-36.

-6-

## III.   STANDARD OF REVIEW.

The Federal Rules of Civil Procedure establish a two-step process for obtaining default judgment.  First, when a party against whom a judgment for affirmative relief is sought fails to plead or otherwise defend as provided by the Federal Rules of Civil Procedure, and that fact is made to appear by affidavit or otherwise, the Clerk enters default. Fed. R. Civ. P. 55(a).  Second, after obtaining clerk's default, the plaintiff must move for default judgment. Fed. R. Civ. P. 55(b).  However, a "defendant's default does not in itself warrant the court in entering a default judgment." *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).[5]  A court may enter a default judgment only if it has jurisdiction over the claims and parties, and if the factual allegations of the complaint, which are assumed to be true, provide a sufficient legal basis for such entry.  *See id.*  ("The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law.").  Therefore, in considering a motion for default judgment, a court must "examine the sufficiency of plaintiff's allegations to determine whether plaintiff is entitled to" a default judgment.  *Fid. & Deposit Co. of Md. v. Williams*, 699 F. Supp. 897, 899 (N.D. Ga. 1988).

---

[5] The Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.  *See Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

The Supreme Court has explained that a complaint need not contain detailed factual allegations, "but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.  A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  This analysis applies equally in the context of motions for default judgment. *De Lotta v. Dezenzo's Italian Rest., Inc.*, No. 6:08-cv-2033-Orl-22KRS, 2009 WL 4349806, at *5 (M.D. Fla. Nov. 24, 2009) (citations omitted).

## IV.    ANALYSIS.

### A.    *Jurisdiction.*

The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) based on the diversity of citizenship between the parties.  Doc. No. 1 ¶¶ 2, 5-7.[6]   The Court also has personal jurisdiction over LB Entertainment, a Florida limited liability company with Florida members.  *Id.* ¶ 6.

---

[6] Although the complaint was brought under the Declaratory Judgment Act, 28 U.S.C. § 2201, "the Declaratory Judgment Act . . . does not, of itself, confer jurisdiction upon the federal courts; a suit brought under the Act must state some independent source of jurisdiction, such as the existence of diversity or the presentation of a federal question." *Borden v. Katzman*, 881 F.2d 1035, 1037 (11th Cir. 1989) (citing *Skelly Oil Co. v. Phillips Co.*, 339 U.S. 667 (1950)).

Here, diversity jurisdiction exists because Nautilus alleges that it is a citizen of Arizona and LB Entertainment and the Chugh Defendants are citizens of Florida, and the underlying state court suit alleges damages of $8 million.  Doc. No. 1 ¶¶ 1-7.

B.    *Clerk's Default.*

Nautilus properly effected service of process upon an employee of LB Entertainment's registered agent in accordance with Fla. Stat. § 48.091(4).  Doc. Nos. 34-35.  LB Entertainment had twenty-one days from the date of service to respond to the complaint, but did not.  *See* Fed. R. Civ. P. 12(a)(1)(A)(i).  Accordingly, the Clerk properly entered default against LB Entertainment.  Doc. No. 38.  *See* Fed. R. Civ. P. 55(a).

C.    *Declaratory Relief with Respect to Counts I and II.*

In an action based in diversity, the substantive law of the forum state applies. *Southern-Owners Ins. Co. v. Easdon Rhodes & Assocs. LLC*, 872 F.3d 1161, 1164 (11th Cir. 2017).[7]  Accordingly, in order to determine whether there is coverage under the policy and whether Plaintiff owes a duty to defend, the undersigned looks to Florida law.  *See id.*

Pursuant to Florida law, "a court may issue a declaratory judgment as to an insurer's duty to defend and duty to indemnify."  *Am. Home Assur. Co. v. Vreeland*, No. 8:05-cv-2250-T-30MSS, 2006 WL 1037111, at *1 (M.D. Fla. Apr. 19, 2006) (citing *Higgins v. State Farm Fire & Cas. Co.*, 894 So. 2d 5 (Fla. 2005)); *see also AIX Specialty Ins. Co. v. Ashland 2 Partners, LLC*, 383 F. Supp. 3d 1334, 1337 (M.D. Fla. 2019) ("A

---

[7] Nautilus does not cite to a choice of law provision in the insurance policy, and the undersigned has not located one.  *See generally* Doc. No. 1-3.  Nautilus also applies Florida law.  *See generally* Doc. No. 78.

declaratory judgment is an appropriate method for the court to determine coverage issues, including the duty to defend and indemnify." (citing *Higgins*, 894 So. 2d at 9)). "An insurer's duty to defend arises from the insurance contract and policy." *Zurich Am. Ins. Co. v. Nat'l Specialty Ins. Co.*, 246 F. Supp. 3d 1347, 1355 (S.D. Fla. 2017) (citing *Allstate Ins. Co. v. RJT Enters., Inc.*, 692 So. 2d 142, 144 (Fla. 1997)). "The insurer must defend when the complaint alleges facts which fairly and potentially bring the suit within policy coverage." *Lime Tree Vill. Cmty. Club Ass'n, Inc. v. State Farm Gen. Ins. Co.*, 980 F.2d 1402, 1405 (11th Cir. 1993) (citations omitted)).

"In Florida, an insurance policy is treated like a contract, and thus ordinary contract principles govern the interpretation and construction of such policy." *United Specialty Ins. Co. v. Ken Creel Stucco & Stone, Inc.*, No. 8:22-cv-02635-KKM-AEP, 2023 WL 4931171, at *4 (M.D. Fla. June 28, 2023), *report and recommendation adopted*, 2023 WL 5544656 (M.D. Fla. Aug. 29, 2023) (citing *Zurich Am. Ins. Co.*, 246 F. Supp. 3d at 1356). "The resolution of a dispute regarding insurance coverage begins with a review of the plain language of the insurance policy as bargained for by the parties." *Koikos v. Travelers Ins. Co.*, 849 So. 2d 263, 266 (Fla. 2003) (citation omitted). "Generally, Florida courts interpret provisions providing coverage as broadly as possible to ensure the greatest amount of coverage. However, provisions excluding or limiting the liability of an insurer are construed more strictly than

-10-

provisions providing coverage." *Ken Creel Stucco & Stone, Inc.*, 2023 WL 4931171, at *4 (citations omitted).

Here, as discussed above, the Underlying Action is premised on the Chugh Defendants' claim that LB Entertainment supplied alcoholic beverages to an underage person who, while driving under the influence, collided with Ms. Chugh's car, causing Ms. Chugh's death. Doc. No. 1-2. Based on its plain language, the "Absolute Auto Exclusion" would apply here. *See* Doc. No. 1 ¶ 20; Doc. No. 1-3, at 37 (excluding coverage for "bodily injury" "aris[ing] out of the ownership, maintenance, use or entrustment to others of any . . . auto[.]"). *See also* Doc. No. 1-3 at 26 (an "auto" means "[a] land motor vehicle . . . designed for travel on public roads."). LB Entertainment admits as much by virtue of its default. *See Nishimatsu Constr. Co.*, 515 F.2d at 1206. Moreover, in granting Nautilus' motion for summary judgment, the Court also determined that the plain language of this exclusion "excludes coverage for the conduct alleged in the Underlying Lawsuit because Ms. Chugh's death was caused by the use of an auto as defined by the Policy." Doc. No. 76, at 11.

Accordingly, default judgment is proper as to Count I. *See Maxum Indem. Co. v. Wagon Wheel Flea Mkt., Inc.*, No. 8:16-cv-785, 2016 WL 9525227, at *2 (M.D. Fla. Oct. 28, 2016) (granting motion to dismiss in favor of insurer and finding "the Auto Exclusion plainly excludes coverage for all auto-related injuries − regardless of

ownership"). *See also StarStone Nat'l Ins. Co. v. Golf Argonomics Supply & Handling Co.*, No. 8:20-cv-2326-WFJ-CPT, 2026 WL 245860, at *4-5 (M.D. Fla. Jan. 10, 2026), *report and recommendation adopted*, No. 8:20-cv-02326-WFJ-CPT, 2026 WL 216812 (M.D. Fla. Jan. 28, 2026) (granting judgment on the pleadings in favor of insurer where automobile exclusion precluded coverage for underlying negligence action concerning vehicle collision with insured's tractor-trailer); *Cammarota v. Penn-Am. Ins. Co.*, No. 17-cv-21605, 2017 WL 5956881, at *4 (S.D. Fla. Nov. 13, 2017) (underlying lawsuit involving fatal collision with insured's truck barred by the plain language of the insurance policy's auto exclusion); *Alligator Enters., Inc. v. Gen. Agent's Ins. Co.*, 773 So. 2d 94, 95-96 (Fla. Dist. Ct. App. 2000) (finding automobile exclusion barred coverage for lawsuit regarding vehicle collision involving insured's negligently parked tractor trailer).

The Total Liquor Liability Exclusion also bars coverage in the Underlying Lawsuit, which alleges that LB Entertainment served alcohol to an underage minor who subsequently caused a deadly collision with Ms. Chugh. Doc. No. 1, Doc. No. 1-2. Such facts fall squarely within the plain language of the Policy's Total Liquor Liability Exclusion. Doc. No. 1 ¶ 20; Doc. No. 1-3, at 51 (excluding coverage for "bodily injury" which LB Entertainment "may be held liable by reason of "causing or contributing to the intoxication of any person", "furnishing of alcoholic beverages to a person under the legal drinking age", or "any statute, ordinance or

-12-

regulation relating to the sale, gift, or distribution or use of alcoholic beverages."). And again, LB Entertainment admits this exclusion applies by virtue of its default. *See Nishimatsu Constr. Co.*, 515 F.2d at 1206. Moreover, the Court also found this exclusion applied to bar coverage in granting Nautilus' summary judgment motion. Doc. No. 76, at 10-11.

Thus, default judgment is also proper as to Count II. *See AIX Specialty Ins. Co. v. Members Only Mgmt., LLC*, 793 F. App'x 1001, 1003-04 (11th Cir. 2019) ("The sole count alleged . . . is a negligence claim brought under Florida's Dram Shop Act. As the Dram Shop Act is a statute relating to the "distribution or use of alcoholic beverages," the claim unambiguously falls outside coverage. . . . Similarly, the exclusion bars coverage for a bodily injury claim in which [the insured] is claimed to have caused or contributed to the intoxication of any person or to have furnished alcoholic beverages to a person under the influence of alcohol. The crux of the underlying complaint is that [the insured] knowingly served alcohol to a club patron who was already drunk and was addicted to alcohol. That claim falls within either of those exclusionary clauses.");[8] *S.-Owners Ins. Co. v. Wiggins*, No. 310-cv-390, 2012 WL 405322, at *5-7 (M.D. Fla. Feb. 9, 2012) (liquor liability exclusion applied to preclude coverage for underlying wrongful death lawsuits involving

---

[8] Unpublished opinions of the Eleventh Circuit are cited as persuasive authority. *See* 11th Cir. R. 36–2.

-13-

insured selling liquor to a minor); *Preferred Nat. Ins. v. Fat Invs., Inc.*, 842 So. 2d 1068, 1069 (Fla. Dist. Ct. App. 2003) ("a liquor liability exclusion precludes coverage where a bar is alleged to be negligent for allowing a drunk patron to leave.").

D.    *Declaratory Relief with Respect to Count III.*

In Count III, Nautilus alleges that the *Coblentz* Agreement between the parties is unenforceable because it is the product of bad faith, fraud, and collusion, and is excessive and unreasonable in amount.  Doc. No. 1 ¶¶ 37-41.  Enforcement of a *Coblentz* Agreement typically involves proceedings with two distinct phases: (1) a determination that the *Coblentz* Agreement is enforceable and (2) a determination that the Defendant insurer acted in bad faith.  *See Mobley v. Capitol Specialty Ins.*, No. 13-20636-CIV, 2013 WL 3794058, at *3 (S.D. Fla. July 19, 2013).  Enforceability hinges on a Court's determination that (1) damages are covered by the policy; (2) the insurer wrongfully refused to defend; and (3) the settlement is reasonable and made in good faith.  *See Reid v. Progressive Select Ins. Co.*, No. 6:23-cv-2462-ACC-LHP, 2025 WL 2855016, at *6 (M.D. Fla. Aug. 28, 2025).

As discussed above, the undersigned will recommend that default judgment be granted in Nautilus' favor as to Counts I and II on the basis that the Absolute Auto Exclusion and Total Liquor Liability Exclusion bar coverage for the Underlying Lawsuit.  And with the application of these exclusions, Nautilus has no

-14-

duty to defend or to indemnify LB Entertainment,[9] and in turn, the damages agreed upon in the *Coblentz* agreement are not covered by the Policy, and Nautilus did not wrongfully refuse to defend LB Entertainment.  Accordingly, default judgment is also proper as to Count III.  *See Travelers Indem. Co. of Connecticut v. Richard Mckenzie & Sons, Inc.*, 10 F.4th 1255, at 1260-61, 1268 (11th Cir. 2021) ("[B]ecause there was no duty to defend, there was no wrongful refusal by Travelers to defend McKenzie, which means the settlement agreement is unenforceable."); *PNI Litig. Tr. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, No. 21-21416-CIV, 2023 WL 2528942, at *11 (S.D. Fla. Feb. 14, 2023), *report and recommendation adopted*, No. 1:21-cv-21416, 2023 WL 2524727 (S.D. Fla. Mar. 15, 2023), *aff'd*, No. 23-11260, 2024 WL 3027682 (11th Cir. June 17, 2024) (granting summary judgment in favor of insurer and finding *Coblentz* agreement unenforceable where the insurer had no duty to defend the insured in the underlying action); *Doe v. Hudson Specialty Ins. Co.*, No. 16-24176-CIV, 2017 WL 979263, at *2-4 (S.D. Fla. Mar. 14, 2017), *aff'd*, 719 F. App'x 951 (11th Cir. 2018) (same). *See also Fun Spree Vacations, Inc. v. Orion Ins. Co.*, 659 So. 2d 419, 422 (Fla. 3d DCA 1995) ("Since [the insurer] had no duty to defend the insureds, correspondingly, there is no duty to indemnify them nor to pay the consent judgment.").

---

[9] Where there is no duty to defend, there is also no duty to indemnify.  *See Council v. Paradigm Ins. Co.*, 133 F. Supp. 2d 1339, 1341 (M.D. Fla. 2001) (because "the duty to defend the insured . . . is broader than the duty to indemnify", "if this Court finds that [insurer] had no duty to defend, then [insurer] had no duty to indemnify the insured[.]" (citations omitted)).

## V.   RECOMMENDATION.

For the reasons discussed herein, it is respectfully **RECOMMENDED** that the Court:

1.   **GRANT** Plaintiff Nautilus Insurance Company's Renewed Motion for Final Default Judgment Against LB Entertainment, LLC (Doc. No. 78).

2.   **ENTER** default declaratory judgment in favor of Nautilus and against LB Entertainment, finding that the surplus lines insurance policy, bearing Policy Number NN941271, and effective from June 1, 2018 through June 1, 2019, does not provide coverage for any of the claims or damages in the Underlying Action due to the Absolute Auto Exclusion and Total Liquor Liability Exclusion, and that the *Coblentz* agreement unenforceable.

### NOTICE TO PARTIES

A party has fourteen days from the date the Report and Recommendation is served to serve and file written objections to the Report and Recommendation's factual findings and legal conclusions.  Failure to serve written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  11th Cir. R. 3-1.

-16-

Recommended in Orlando, Florida on May 21, 2026.

_Leslie Hoffman Price_
LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party

-17-